WILLIAM W. RICE *vs.* JOHN P. SOUTHGATE.

The liability of a principal to indemnify his surety for any payment which the latter may be compelled to make for the former takes effect from the time when the surety agrees to become responsible for the debt of his principal, and not from the time when a payment is made; and is " a debt contracted " at the former time, within the exception in the homestead act of 1855, *c.* 238, § 3.

WRIT OF ENTRY by the tenant's assignee in insolvency to recover a lot of land in Worcester, which the tenant claimed to hold as a homestead.

The case was submitted to the judgment of the court upon the following facts : The lot was bought by the tenant in 1846, and has been since occupied by him with his family as a residence, and is worth at least two thousand dollars above a mortgage thereon. On the 16th of May 1853, the tenant, with Charles White and Eli Thayer, made a joint and several promissory note for $1000, which was paid by White on the 14th of May 1859; and on the 16th of November 1854 made a note for $1166.66, which was signed by White and Thayer as sureties, and paid, with interest, by White on the 21st of July 1859; and White proved the sums so paid, amounting to $1821.94, against the tenant's estate in insolvency

*T. L. Nelson,* for the demandant.

*P. C. Bacon,* for the tenant.

BIGELOW, C. J. The question in this case is, whether, on the facts stated, there are any debts proved against the estate of the tenant in insolvency to the amount of eight hundred dollars,

which were contracted prior to the passage of *St.* 1855, *c.* 238, under which he claims to hold the demanded premises as a homestead.  If there are, then it is clear that he cannot avail himself of the exemption secured by that statute; because by the third section it is provided that no property shall be exempted from levy on execution for a debt contracted previously to the passage of the act; and all the estate of the debtor, which might have been taken on execution against him at the time of the commencement of the proceedings in insolvency, vested in his assignee under *St.* 1838, *c.* 163, § 5.    *Woods* v. *Sandford,* 9 Gray, 16.

Upon well settled principles, it is clear that the contract of a principal with his surety to indemnify him for any payment which the latter may make to the creditor in consequence of the liability assumed takes effect from the time when the surety becomes responsible for the debt of the principal.   It is then that the law raises the implied contract or promise of indemnity.   No new contract is made when the money is paid by the surety, but the payment relates back to the time when the contract was entered into by which the liability to pay was incurred.   The payment only fixes the amount of damages for which the principal is liable under his original agreement to indemnify the surety.  *Gibbs* v. *Bryant,* 1 Pick. 121.  *Appleton* v. *Bascom,* 3 Met. 169.   The same principle is adopted in our insolvent law, in which it is provided that, in case of the payment of any sum by any surety of a debtor in any contract whatsoever, the debt shall be considered as contracted at the time when the contract on which such payment has been made was originally entered into.    *St.* 1838, *c.* 163, § 3.    Gen. Sts. *c.* 118, § 25.

It follows that the real estate occupied by the insolvent debtor was not exempted from levy on execution at the suit of his surety who entered into the contract on which he has been held liable to an amount exceeding eight hundred dollars prior to the passage of the act under which the tenant now claims a homestead right.   It therefore vests in his assignee.

*Judgment for the demandant.*