ANTHONY Z. KIMMEL *vs.* JOSEPH LOWE.

September 15, 1881.

**Surety may Sue Principal after paying Judgment on Debt.**—A surety, paying the debt of his principal, after default of the latter, may maintain an action against him for reimbursement; and it is no objection to a recovery in such action that such payment is made upon a judgment recovered by the creditor against them both, and that the surety, by reason of such payment, is entitled to the benefit of the judgment against the principal, and may enforce it against him by execution.

Appeal by defendant from an order of the district court for Nobles county, *Dickinson, J.,* presiding, overruling a demurrer to the complaint.

*Emory Clark,* for appellant.

*Daniel Rohrer,* for respondent.

CLARK, J.* Demurrer to the complaint. The complaint alleges, in substance, and with proper formality, that the plaintiff, the defendant and another executed their promissory note to a bank in the state of Maryland; that the defendant received the entire consideration for the note, and that his co-makers executed it at his request and as his sureties; that default having been made in the payment of the note, the bank duly recovered judgment thereon against all the makers in a court of the state of Maryland having jurisdiction; that the plaintiff paid the judgment, and took from the bank and filed in the clerk's office of said court an assignment thereof in writing; and that there was, during all the time covered by the alleged transactions, and now is, a statute of the state of Maryland providing that "when any person shall recover a judgment against the principal debtor and surety, and the judgment shall be satisfied by the surety, the creditor shall assign the same to the surety; and such assignment being recorded in the court where the judgment was rendered, the assignee shall be entitled to execution in his own name against the principal."

A cause of action undoubtedly arises upon these facts. A surety paying the debt, after the default of his principal, may maintain an action against the latter for reimbursement, and it is no objection to a recovery that such payment is made upon a judgment recovered by the creditor against them both, and that the surety, by reason of such payment, is entitled to the benefit of the judgment as against the principal, and may enforce it against him by execution. The judgment was formally assigned to the plaintiff; and if the action is to be deemed as founded on the judgment as claimed by counsel, and not an action for money paid, laid out and expended, the facts pleaded are sufficient for a recovery on that theory.

Order affirmed.

*Dickinson, J., having, as district judge, made the order appealed from, took no part in the decision of this appeal.