BERRY v. EWING *et al.*, *Appellants*.

1. **Homestead:** CAUSE OF ACTION : CURATOR'S BOND. Where one signs a curator's bond as surety, an existing cause of action is thereby created against the curator contingent upon his default, and when the latter occurs and the surety pays to the estate of the ward the sum for which the curator is in default, the payment relates back to the time of the execution of the bond and the curator cannot claim a homestead exemption as to land which he acquired after the execution of the bond. R. S., sec. 2695.

2. —— : ——. One cannot claim a homestead as to a cause of action existing anterior to the acquisition of the homestead.

3. —— : —— : CONSTITUTION. Such exemption, even if conferred by the legislature, would be in contravention of the provisions of the constitutions, state and federal, prohibiting the enactment of laws impairing the obligation of contracts.

4. **Execution :** EQUITY. The surety having a judgment at law against the curator, can levy an execution on the land without first going into equity to assert his right.

*Appeal from Moniteau Circuit Court.*—HON. E. L. EDWARDS, Judge.

REVERSED.

*Moore & Williams* for appellants.

(1) The injunction was granted without warrant of law. The cause of action of defendant, Ewing, existed at the time the plaintiff, Berry, acquired the alleged homestead. R. S., sec. 2695; *Rice v. Southgate*, 16 Gray, 142; *Appleton v. Bascom*, 3 Met. 169; *Wood v. Leland*, 1 Met. 389; *Gibbs v. Bryant*, 1 Pick. 121; *Howe v. Ward*, 4 Greene 200; *West River Bank v. Gale*, 42 Vt. 27; *Lamb v. Mason*, 45 Vt. 500; *Ramey v. Grover*, 28 Vt. 391; *Thompson v. Thompson*, 19 Me. 244; *Carlisle v. Rich*, 8 N. H. 44; *Chouteau v. Jones*, 11 Ill. 300; *Blake v. Downey*, 51 Mo. 437. (2) The

cause of action in the case at bar existed when the curator's bond was signed; that was in 1860; no homestead exemption was then in existence in this state; and hence, that exemption, under the present law, can have no force against the plaintiff's claim. Thompson on Homesteads and Exempt., sec. 315; Smyth on Homesteads and Exempt., secs. 485, 488; *In re Hook*, 2 Dill. C. C. 93. In Thompson on Homestead and Exemption, section 315, it is said the implied contract to indemnify the surety "takes effect from the time when he signs or endorses as surety, and not merely from the date when the surety pays the debt." *Marsh v. Alford*, 5 Bush [Ky.] 393; *Ladd v. Dudley*, 45 N. H. 61; *Woods v. Sanford*, 9 Gray, 16. (3) When Ewing signed Berry's bond, the implied contract of indemnity was a vested right, and cannot be taken away. At the time the bond was signed there was no homestead law in existence in this state, and Ewing's rights could not be divested by a subsequently passed act. *Cunningham v. Gray*, 20 Mo. 170; *Tally v. Thompson*, 20 Mo. 277; *Harvey v. Wickham*, 23 Mo. 112; Thompson on Homesteads, secs. 10, 15; *Gunn v. Barry*, 15 Wall, 610. (4) The claim for a homestead exemption, in order to avail, must rest on a deed executed anterior to the creation of the debt. *Shindler v. Given*, 63 Mo. 364; *Lincoln v. Rowe*, 64 Mo. 138; *Stivers v. Home*, 62 Mo. 473; *Rogers v. Marsh*, 73 Mo. 64. (5) It was not necessary for Ewing to proceed in equity to make his debt. *Blake v. Downey*, 51 Mo. 437.

*Wood & Edwards* for respondent.

SHERWOOD, J.—The plaintiff obtained a temporary injunction against Ewing and the sheriff restrained them from selling under *fi. fa.* a certain eighty acres of land owned by plaintiff. On final hearing the injunction was made perpetual. The facts on which the action of the

trial court is bottomed, as shown by the agreed statement, are as follows :

Berry was the guardian and curator of his nephew, L. C. Isom ; gave bond as such in 1860, with Ewing as surety. In 1882, Isom having obtained judgment against Berry, and Ewing on the curator's bond, the latter was compelled to pay the sum of one thousand dollars, and thereupon brought suit and recovered judgment, and caused execution to be levied on the land in question, on which Berry has resided since 1857, and now claims to be exempt as a homestead ; and on this theory the injunction was made perpetual. The deeds under which Berry claims were made in 1855 and 1859, but were not put to record till 1871.

The only question presented by the record is, whether the claim of Ewing, as surety, antedated the claim of Berry to the land, as a homestead, for if it did, then the former claim must prevail. At the time Ewing became a surety on Berry's bond, there was no homestead law in force in this state ; nor was there such a law for several years thereafter. And when Ewing signed the bond this act of his created an existing cause of action, contingent upon Berry's default. An implied contract was then raised by the law between Berry, the principal, and Ewing, the surety, that the former should indemnify the latter ; and this implied contract took effect from the date of the surety's signing the bond, and not merely from the time he paid the money ; the payment in such case relating to the inception of the implied liability. Thus, where such a liability was created by reason of a surety's signing as aforesaid, and afterwards a homestead act was passed, and the surety, after the passage of the act, paid the debt, it was ruled that the demand of the surety was superior to the claim of homestead exemption. Thompson on Homesteads, sec. 315; *Rice v. Southgate,* 16 Gray, 142 ; *Appleton v. Bascom,* 3 Met. [Mass.] 169. And when Ewing, as surety,

signed Berry's bond, the implied contract of indemnity took immediate effect and became a vested right, arising on a contract which subsequent legislation could not divest, even if so intended, for this would amount to impairing the obligation of a contract—a contract implied by the law. Thompson on Homesteads, secs. 10, 15 ; *Gunn v. Barry*, 15 Wall. 610.

By the terms of the constitution, in force when the implied contract with the surety was made, the legislature was forbidden to pass any law impairing the obligation of contracts, etc. The homestead exemption of Berry, therefore, could not prevail, even if authorized by the legislature, for this would have been in contravention of both the state and of the federal constitutions. *Harvey v. Wickham*, 23 Mo. 112. But under the terms of the statute, the homestead is subject to levy of execution on all causes of action existing at the time of acquiring such homestead. R. S. 1879, sec. 2695. As already seen, the cause of action in this case existed long anterior to Berry's acquisition of the homestead. Consequently, Ewing had the right to levy upon it, just as he would upon any other land ; his remedy at law being adequate and ample, so that no manner of necessity existed for him to go into a court of equity in order to assert his right.

For these reasons the judgment should be reversed and the petition be dismissed. All concur.