AUGUST F. WENDLANDT *vs.* CHARLES SOHRE.

June 28, 1887.

**Principal and Surety—Partners.**—A surety is any person who, being liable to pay a debt, is entitled, if it is enforced against him, to be indemnified by some other person who ought himself to have paid it before the surety was compelled to do so. Parties who contract a debt as partners, may, by reason of subsequent arrangements or transactions, become, as between themselves, principal and surety.

**Same—Liability of Partner to Third Person after Dissolution.**—The partnership between plaintiff and defendant having been dissolved, a full accounting, adjustment, and settlement was had, as was supposed, of all the partnership business, both as between the firm and third persons, and as between the partners themselves. But by inadvertence one debt contracted by the firm was overlooked and left unpaid. When it became due, plaintiff paid one-half of it, and, upon defendant's refusal to pay the other half, brought an action against him for indemnity, and to compel him to pay it. *Held* that, as between the plaintiff and defendant, the former bore the relation of surety for the payment of the remaining half of the debt, and as such could maintain the action.

Appeal by plaintiff from an order of the district court for Blue Earth county, *Severance,* J., presiding, sustaining a demurrer to the complaint.

*Alfred E. Hawes,* for appellant.

*Freeman & Pfau,* for respondent.

MITCHELL, J.[1]  The parties to this action had been partners in business, and in that capacity contracted a debt of $170 to William Deering & Co., for machinery purchased. Subsequently the partnership was dissolved, and a full accounting and settlement had, and all matters pertaining to the partnership business, both as between the partnership and third persons, and between the partners themselves, were, as was supposed, fully considered, settled, and adjusted. But, by inadvertence, this debt to Deering & Co. was overlooked and left unpaid. When this debt became due, payment being demanded of

---

[1] Berry, J., owing to illness, was absent, and took no part in the decision of this case.

plaintiff, he paid one-half of it, and requested Deering & Co. to demand payment of the other half from defendant. This was done, but defendant refused to pay. Thereupon plaintiff brought this action to compel defendant to pay Deering & Co. the remaining half of the debt, so that plaintiff might be relieved of liability.

If, as between plaintiff and defendant, the former bears the relation of surety for the latter, there can be no doubt of his right to maintain this action. As soon as a surety's obligation to pay becomes absolute, he is entitled in equity to require the principal debtor to exonerate him; and he may file a bill to compel this although the creditor has not molested him, it being unreasonable that a man should always have such a cloud hanging over him. Theob. Prin. & Sur. 169; Brandt, Sur. § 192. This familiar rule of equity practice is incorporated into our statutes. Gen. St. 1878, *c.* 66, § 130.

The court below, however, sustained the demurrer to the complaint upon the ground that the relation of principal and surety did not exist between these parties, that they were simply joint debtors, and that plaintiff's only remedy was an action for contribution, after paying the entire debt. In this we think the court erred. Undoubtedly both plaintiff and defendant are, in their relations to William Deering & Co., joint debtors and principals. But this is unimportant. The relation of principal and surety is fixed by the arrangements and equities between the debtors or obligors themselves. It is also true that, when they contracted this debt as partners, the plaintiff and defendant were *inter se* joint debtors. But parties who contract a debt as partners or joint debtors may, by reason of subsequent arrangements or transactions in reference to the debt, become, as between each other, principal and surety. For example, a retiring member of a firm becomes surety of the other partners, who assume the firm debts. Brandt, Sur. § 23; 3 Pom. Eq. Jur. §§ 1417, 1418.

The question is not what relation do the debtors bear to the creditor, nor even in what relation did they contract the debt, but what relation do they *now* bear to each other in respect to it. [1] A surety is any person who, being liable to pay a debt, is entitled, if it is enforced against him, to be indemnified by some other person who ought himself to have paid it before the surety was compelled to do so. When-

ever, as between two debtors liable to the creditor for the same debt, it is the debt of one of them, the other may be said to be his surety. *Smith* v. *Shelden*, 35 Mich. 42, 48. This is precisely the case here. The partnership business has been fully and finally adjusted and settled except this one debt, which was accidentally overlooked. As between the parties, each should have paid one-half of it. Plaintiff has paid his half; defendant should pay the other half. Hence as to that half plaintiff bears to defendant the relation of surety, and as such is entitled to maintain this action for indemnity.

The respondent in his argument confounds this action with one for contribution. Whether the creditor should have been made a party to this action is not before us, no such question being raised by the demurrer.

Order reversed.