In re AMERICAN PRODUCT CO.

TITLE GUARANTY & SURETY CO. v. SHATTUCK et al.

(Circuit Court of Appeals, Third Circuit. July 19, 1915.)

No. 1961.

1. MUNICIPAL CORPORATIONS ☜347—CONTRACTS—BONDS—OBLIGATION OF PRINCIPAL AND SURETY.

An obligation by one, as principal, a city contractor, and another, as surety, to secure persons furnishing labor or material to the principal, is a joint and several obligation as to persons furnishing labor or material, and each is liable as principal to such persons, though as between themselves the principal is the principal debtor and the surety is surety only.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 876, 877; Dec. Dig. ☜347.]

2. BANKRUPTCY ☜345—CLAIM—SURETIES.

An obligation by a contractor and his surety was joint and several as to third persons. The principal by contemporaneous agreement indemnified the surety company against any payments that the latter might make under the obligation. The surety paid into court the penal sum of the obligation, which was distributed ratably among creditors; each receiving about 50 per cent. The contractor was adjudged a bankrupt after the surety had paid the money into court. Held, that the surety was entitled to subrogation, and its claim against the contractor for the amount paid must be allowed, while a creditor of the contractor, secured by the obligation, must credit the amount received on the distribution of money paid into court and confine himself to the balance.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 531, 532, 534, 539, 540; Dec. Dig. ☜345.]

Appeal from the District Court of the United States for the Eastern District of Pennsylvania; Oliver B. Dickinson, Judge.

In the matter of the American Product Company, bankrupt. From a decree (222 Fed. 126) disallowing a claim of the Title Guaranty & Surety Company, it appeals. Reversed, with instructions to reinstate the orders of the referee.

Frank R. Donahue, of Philadelphia, Pa., for appellant.

Walter L. Sheppard, of Philadelphia, Pa., for appellees.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

McPHERSON, Circuit Judge. This appeal is from a decree of the District Court entered April 28, 1915, disallowing a claim of the Title Guaranty & Surety Company, and allowing another claim that will be referred to hereafter. As will appear, the two subjects are so closely related that they were properly disposed of by one order below, and need not be separated here.

[1, 2] The undisputed facts are as follows: The bankrupt, the American Product Company, was a successful bidder on certain work to be done for the city of Philadelphia during the year 1913, and the Surety Company joined in giving a bond to the city in the penal sum of $34,395. This obligation complied with the municipal ordinances, and

inter alia was intended to secure persons furnishing labor or material to the Product Company; the bond being substantially in the form required by the federal statutes from contractors with the United States. In express terms the obligation was joint and several, and thus imposed a separate and independent liability upon each of the obligors. Morrison v. Surety Co., 224 Pa. 41, 73 Atl. 10. In other words, each was directly liable as a principal to such persons as might furnish labor or material, although of course (as between themselves) the Product Company was the principal debtor, and the Surety Company was a surety only. By a contemporaneous agreement, the Product Company indemnified the Surety Company against any payments that the latter might make under the bond. About nine months afterwards the Product Company fell into financial difficulty and failed to carry out its contract with the city. Accordingly the contract was canceled on October 2, 1913, and all persons in interest soon learned that the Product Company had become indebted for work and material under the contract to the amount of nearly $60,000. A number of creditors sued both obligors in the Philadelphia courts of common pleas, and as a result of these suits, coupled with its knowledge of the fact that the claims under the bond would approximate nearly double the penal sum, the Surety Company asked and obtained leave from one of the courts of common pleas to pay into court $34,395 in discharge of its obligation. This was done, in order that the creditors might share the money ratably. The court thereupon appointed an auditor, who heard and adjudicated the claims under the bond, and in the following April distributed the money paid into court; each claimant receiving about 50 per cent. of his debt.

Meanwhile, on November 11, 1913, two weeks after the Surety Company had paid the money into court and had thus discharged its obligation in full, an involuntary petition was filed against the Product Company, and after some controversy an adjudication was entered in the following May. In addition to its claim against the Product Company arising out of the payment into court, the Surety Company on September 30, 1913, had also entered a judgment on the bond by virtue of a warrant of attorney contained in the agreement of indemnity. Afterwards the plant of the Product Company was sold, producing a net fund of about $32,000, which came into the hands of the trustee in bankruptcy, and the present dispute grows out of the distribution of this fund. The Surety Company presented its claim to the referee for $34,395, based upon the money paid (for which it also held a judgment), and the creditors, who had already received from the common pleas about half their debts, also presented their claims; some creditors asking to prove the full amount, without deduction, while others credited the dividend paid by the state court, and claimed only the balance. The referee allowed the claim of the Surety Company and refused to allow the claim of the Thompson-Lockhart Company for the full amount, holding that the claimant must credit the dividend received from the common pleas and confine itself to the balance. The District Court reversed both orders, and the present appeal challenges the correctness of this decision.

In our opinion the referee was right in both rulings. In effect the Thompson-Lockhart Company had been paid one-half its claim before the bankruptcy proceedings were begun. The money for this purpose had been deposited in the court of common pleas, and nothing remained to be done except to ascertain the proportion that should go to each creditor. This the Surety Company had no means of ascertaining, but the state court undertook the task and carried it out. When the petition was filed, therefore, one-half the debts under the bond had in substance been paid, and only the balance could be proved.

And it is also true that at the date of the bankruptcy the Surety Company had paid all it was bound to pay, and had become in equity the creditor of the Product Company to the full amount of the bond. It had never undertaken to pay all the debts of the Product Company; its promise was to pay them up to the limit of the penal sum, and, having discharged that obligation it was bound no further to those creditors, either legally or equitably. In our opinion, the argument in support of the decree goes astray just at this point. The position of counsel is based on the evident assumption that the Surety Company is still under some obligation to these creditors, and therefore cannot be allowed to share in the fund until the creditors themselves have been paid in full. But we do not so understand the facts. In substance the situation is this: The Surety Company agreed to pay as much of these debts as could be discharged with $34,395, and it met this obligation faithfully. Being a surety, it was thereupon entitled to subrogation, and stepped into the creditors' shoes, thereby acquiring their rights against the principal debtor. Moreover, all this was done before the petition was filed, so that the situation is exactly the same as if on October 27 the Surety Company had paid each of these creditors one-half his claim and had taken an assignment thereof. On November 11, therefore, the Surety Company was the equitable owner of half these claims, and was entitled to prove that fraction against the bankrupt.

The decree is reversed, with instructions to reinstate the orders of the referee.