## In re DAILEY et al.

District Court, D. New Jersey. February 25, 1926.

1. Bankruptcy ☞316(3)—Indemnity ☞11—Contract of partnership and its individual members to indemnify surety on bond against liability gives rights beyond one to indemnify only against loss, including right to prove claim in bankruptcy (Bankruptcy Act, § 57i [Comp. St. § 9641]).

A contract of indemnity, executed by a partnership and its individual members to the surety on its bond for performance of a contract, in which they agreed to perform all the conditions of the bond, to protect the surety against liability thereon, and to place it in funds before it should be required to make payment thereunder, held to give the surety rights beyond those implied in law including the right to prove against the estates in bankruptcy of the partnership and individual partners the damages it sustained from breach of the contract to indemnify against liability, and not merely the right of subrogation, under Bankruptcy Act, § 57i (Comp. St. § 9641), to the rights of the creditor to whom the bond was given and paid against the partnership estate.

2. Bankruptcy ☞316(3)—Surety on bond of bankrupt liquidating claim may prove it against estate.

Surety on bond of bankrupt which liquidated its claim by payment pending the proceedings may prove it against the estate.

In Bankruptcy. In the matter of John D. Dailey and De Witt C. Ivins, individually and as partners trading as Dailey & Ivins, bankrupts. On review of order of referee. Modified.

John M. Enright, of Jersey City, N. J., for U. S. Fidelity & Guaranty Co.

George G. Tennant and Albert C. Wall, both of Jersey City, N. J., for trustee.

Mark Ash, of New York City, for creditors.

Edward Maxson, of Summit, N. J., for City of New York.

BODINE, District Judge. On April 1, 1918, John D. Dailey and De Witt C. Ivins, individually and copartners trading under the name of Dailey & Ivins, were adjudged bankrupts. The bankrupts were garbage men in the City of New York, and were obligated to that city for the performance of these duties upon a bond in the sum of $200,000. The United States Fidelity & Guaranty Company and the American Surety Company were guarantors. Messrs. Dailey and Ivins did not perform their contract with the city, and a claim in its behalf in the sum of $730,962.25 was finally allowed.

On May 1, 1924, the surety companies paid the city $180,000 in settlement of liability upon their bonds, each contributing one-half of the amount. After the payment, the surety companies amended the claims which they had previously filed (the claims being for breach of contract, damages unliquidated), setting forth the settlement with the city and seeking an allowance of a joint claim for $180,000, or several claims for $90,000 each, against the partnership estate, and further setting forth that the American Surety Company was entitled to an allowance of $90,000 against the individual estate of the partners.

The referee disallowed the claim against the partnership estate, but allowed the claim of the American Surety Company for $90,000 against the individual estates of the partners. The matter comes before this court on review.

[1] The contract of the American Surety Company upon which the claim is predicated, so far as pertinent, is as follows:

"III. That the indemnitor will perform all the conditions of said bond, and any and all renewals and extensions thereof, and will at all times indemnify and save the surety harmless from and against every claim, demand, liability, cost, charge, counsel fee (including fees of special counsel whenever by the surety deemed necessary), expense, suit, order, judgment, and adjudication whatsoever, and will place the surety in funds to meet the same before it shall be required to make payment, and, in case the indemnitor requests the surety to join in the prosecution

or defense of any legal proceeding, the indemnitor will, on demand of the surety, place it in funds sufficient to defray all expenses and all judgments that may be rendered therein. The indemnitor will not ask or require the surety to remove or join in any application for the removal of any proceeding from a state court to a federal court in any state where such action would in any way effect the surety's right to transact business.

"IV. That the suretyship is for the special benefit of the indemnitor, its property, income, and earnings now owned or hereafter acquired, to which the surety looks for its indemnity, and the indemnitor represents that it is specifically and beneficially interested therein.

"V. That the surety shall have every right and remedy which a personal surety without compensation would have, including the right to secure its discharge from its suretyship, and should it make payment, hereunder shall have every right and remedy of the indemnitor for the recovery of the same.

"VI. That this agreement shall cover, not only the suretyship above recited, but all alterations, renewals, extensions, or modifications thereof which may be requested or assented to by the principal named in such obligation. That the surety shall be at liberty to pay or compromise any claim or charge of the character enumerated in section III hereof, and the voucher or other evidence of the payment thereof shall be prima facie evidence of the fact and of the indemnitor's liability therefor to the surety."

It is to be noted that this contract is executed by John D. Dailey and De Witt C. Ivins, individually and as members of the firm of Dailey & Ivins. It is also to be noted that the principals expressly agreed that they would perform all the conditions of the contract, and also agreed to place the surety company in the funds which it might require before the surety company should be required to make payment. In this particular, the contract gives the surety rights beyond those implied] in law. Such a contract is legal, and may be the basis of a recovery. Professor Williston says in his book on Contracts, at page 2311, as follows:

"At law, recovery on a contract of indemnity before payment of the liability is dependent on the construction of the contract. If the terms are broad enough to amount to an indemnity against liability, and not merely an indemnity against payment in discharge of liability, recovery will be allowed as soon as the party to be indemnified has incurred liability. But courts of equity, even in the absence of words expressly guaranteeing freedom from liability, as distinguished from freedom from loss, specifically enforce the obligation and compel the promisor to meet his obligation to indemnify before payment of it by the promisee."

The learned referee took the view that the indemnity agreement of the American Surety Company did not create any larger rights than those of subrogation, so far forth as the estate of the bankrupt partnership was concerned, and disallowed the claim, taking the view that the only rights of the surety were by subrogation under section 57i of the Bankruptcy Act (Comp. St. § 9641), and in support of his position relies upon the case of Williams v. Fidelity Insurance & Guaranty Co., 236 U. S. 549, 35 S. Ct. 289, 59 L. Ed. 713. Since the contract of the parties gave the American Surety Company larger rights than those of subrogation and indemnity, it would seem that, so far as the surety company's contract was breached (and there is no dispute about that), it is entitled under that contract to damages which it has proved in the sum of $90,000, and may prove the same against all estates.

[2] As to the United States Fidelity & Guaranty Company, it was also a creditor under its contract of the bankrupt partnership with a provable debt in bankruptcy, which has now been liquidated, and its claim, as such, should have been allowed. Maryland Casualty Co. v. Jones, 140 Md. 395, 117 A. 765, 48 Am. Bankr. R. 624. See, also, United States Fidelity & Guaranty Co. v. Carnegie Trust Co., 177 App. Div. at page 176, 164 N. Y. S. 92; Id., 221 N. Y. 646, 117 N. E. 1086.

Let an order be entered accordingly.