## MELLETTE FARMERS' ELEVATOR CO. v. H. POEHLER CO.

District Court, D. Minnesota, Fourth Division. February 11, 1927.

**1. Principal and surety ⊝1—"Surety" is person who, being liable for debt, is entitled, if it is enforced against him to be indemnified.**

A "surety" is any person who, being liable to pay a debt, is entitled, if it is enforced against him, to be indemnified by some other person who ought himself have paid it before surety was compelled to do so.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Surety.]

**2. Principal and surety ⊝174, 182—Implied contract arises on executing contract of suretyship that principal will indemnify surety, and payment thereunder relates back to execution of contract.**

When a contract of suretyship is made, there arises, in absence of express agreement, an implied contract that principal will indemnify surety for payments made under contract of suretyship, and payment of money by surety under contract merely fixes amount of damages, and relates back to time contract was entered into.

**3. Principal and surety ⊝185—Receivers ⊝147—Surety, on paying liability, held entitled to indemnity claim against receivership of principal subsequent to execution of bond, notwithstanding creditors were not paid in full.**

Surety, on executing grain shipper's bond, became creditor of the principal, and, on payment of judgment rendered against it for full amount of liability under the bond, became entitled to reimbursement under implied contract of indemnity, and is entitled to claim against receivership of principal subsequent to execution of bond, notwithstanding that claims of other creditors were not paid in full.

**4. Subrogation ⊝28—Surety, liable only for part of debt, is not subrogated to collateral or rights available to creditor unless whole debt is satisfied.**

Surety, liable only for part of debt, does not become subrogated to collateral or to remedies or rights available to creditor, unless he pays whole debt or it is otherwise satisfied, since subrogation is equitable in character and surety cannot share in securities or rights unless it pays entire loss indemnified against.

See, also, 18 F.(2d) 432.

Cobb, Wheelwright, Hoke & Benson and Claude G. Krause, all of Minneapolis, Minn., for the motion.

H. V. Mercer and Elias J. Lien, both of Minneapolis, Minn., for receiver.

JOHN B. SANBORN, District Judge. The Fidelity & Deposit Company was the surety on a $25,000 grain shippers' bond given by the H. Poehler Company, as a commission merchant, for the protection of such shippers as should do business with the company. The company became insolvent, and a receiver was appointed by this court. Suit was brought upon the bond, for the benefit of the obligees, against which the surety company defended. Judgment was entered against it for the full amount of the bond and interest, in all about $30,000. In the same action, the claims of the grain shippers who were within the protection of the bond, were determined, the total claims aggregating over $100,000. The surety company has paid the obligees pro rata upon their claims the full penalty of the bond and interest, so that they have received from this source about 25 per cent. of the moneys due them.

Having paid the full amount of its bond, the surety company now asks leave to file its claim against the H. Poehler Company, as a general creditor, in the receivership proceedings, on the ground that it was a creditor at the time of insolvency, and that the amount which is due it is now fully determined.

[1] The receiver takes the position that the surety company has no right to file a claim until the claims of the grain shippers are paid in full, and that they never will be paid in full in this receivership.

"A surety is any person who, being liable to pay a debt, is entitled, if it is enforced against him, to be indemnified by some other person who ought himself to have paid it before the surety was compelled to do so." Wendlandt v. Sohre, 37 Minn. 162, 33 N. W. 700.

[2] When a contract of suretyship is made, there arises, in the absence of an express agreement, an implied contract that the principal will indemnify the surety for any payment it may be required to make under the contract of suretyship. This implied agreement comes to life when a contract of suretyship is made; from that time on the relation of debtor and creditor exists between the principal and the surety. The payment of the money under the contract by the surety merely fixes the amount of damages for which the principal is liable, and relates back to the time the contract was entered into. Rice v. Southgate, 82 Mass. (16 Gray) 142; Griffin v. Long, 96 Ark. 268, 131 S. W. 672, 35 L. R. A. (N. S.) 855, Ann. Cas. 1912B, 622; 32 Cyc. 250; Stearns on Suretyship (3d Ed.) 507, § 280; Kimmel v. Lowe, 28 Minn. 265, 9 N. W. 764; 21 R. C. L. 1097,

§ 134; Smith v. Young, 173 Ala. 190, 55 So. 425; In re Stout (D. C.) 109 F. 794. In the last case, Judge Philips says:

"The implied contract or obligation was, therefore, raised by law between the surety and the principal that the latter should indemnify the former, 'and this implied contract took effect from the date of the surety's signing the note, and not merely from the time he paid the money; the payment in such case relating to the inception of the implied liability.' Berry v. Ewing, 91 Mo. 397, 3 S. W. 877."

In 21 R. C. L. 1097, appears this statement: "On payment of the principal debt, the surety becomes a simple contract creditor of the principal, and is entitled to maintain the common-law action of indebitatus assumpsit for money paid, laid out and expended, or, as it has been more frequently stated, under such circumstances the surety is entitled to maintain an action against the principal for money paid to the use of such principal."

[3] Applying these rules to this case, it is obvious that the Fidelity & Deposit Company of Maryland on the 8th day of June, 1921, when it executed and delivered the bond here involved, became a creditor of the H. Poehler Company, principal on the bond; that upon the payment of the judgment rendered against it for the full amount for which it could be liable under the bond, it became entitled to reimbursement under the implied contract of indemnity. Up to the time of the payment of the amount of the bond, it was in the position of a creditor having an unliquidated claim. It now has a liquidated claim antedating the receivership.

[4] If the claim of the surety were based on subrogation, the situation would be different. The rule is that a surety liable only for part of the debt does not become subrogated to collateral or to remedies or rights available to the creditor, unless he pays the whole debt or it is otherwise satisfied. United States v. Nat. Surety Co., 254 U. S. 73, 41 S. Ct. 29, 65 L. Ed. 143; U. S. F. & G. Co. v. Union Bank & Trust Co. (C. C. A.) 228 F. 448, 455; Nat. Surety Co. v. Salt Lake County (C. C. A.) 5 F.(2d) 34, 36.

Subrogation is equitable in its character, and a surety cannot be permitted to share in securities or rights in which its obligee is interested, unless it pays the entire loss indemnified against.

The reasons for the diversity of opinion arising out of situations such as this appear to be the failure to distinguish between an

express or implied contract of indemnity and the right of subrogation, together with the desire to postpone the reimbursement of a paid surety until all obligees have been paid in full. However natural that desire may be, it should not be permitted to override well-established legal principles. If surety bonds are adequate to meet the needs of a situation, the obligees will be paid in full, and the surety left to reimburse itself from the assets of the principal so far as possible. Where such bonds are inadequate to meet a situation, there seems to be no logical reason for excluding a surety from participation, as a general creditor, after it has paid the full loss indemnified against. The cases which appear to support this conclusion are Title Guaranty & Surety Co. v. Shattuck (C. C. A.) 224 F. 401; Cole v. Myers, 100 Neb. 480, 160 N. W. 894; Am. Surety Co. of N. Y. v. Nat. Bank of Barnesville et al. (D. C.) 17 F. (2d) 942; U. S. F. & G. Co. v. Carnegie Trust Co., 177 App. Div. 176, 164 N. Y. S. 92; Id., 221 N. Y. 646, 117 N. E. 1086; In the Matter of Dailey & Ivins, Bankrupts (Dist. Court, N. J.) filed February 25, 1926, 19 F.(2d) 95; U. S. F. & G. Co. v. Centropolis Bank of Kansas City et al. (C. C. A.) 17 F.(2d) 913.

The motion of the Fidelity & Deposit Company of Maryland should be granted. It is so ordered.