## WARD v. FIRST NAT. BANK OF CARUTHERSVILLE et al.
### No. 10047.

Circuit Court of Appeals, Eighth Circuit.
March 11, 1935.

R. L. Ward, of Caruthersville, Mo. (Everett Reeves, of Caruthersville, Mo., on the brief), for appellant.

James A. Finch, Jr., of Cape Girardeau, Mo. (James A. Finch, of Cape Girardeau, Mo., on the brief), for appellees.

Before SANBORN, WOODROUGH, and BOOTH, Circuit Judges.

BOOTH, Circuit Judge.

This suit was brought by the appellant (hereafter called plaintiff), who was a surety on a bond given by the appellee bank to Pemiscot county, Mo., to secure county deposits in said bank. The suit is against the bank and its receiver to have allowed as a general claim the sum of $26,230.06 alleged to have been paid to the county by the plaintiff as surety on the bond. It involves the winding up of the affairs of a national bank.

The facts, briefly, are that the appellee bank received certain deposits from the county. To secure said deposits, bonds were given by the bank to the county, one of them in the sum of $35,000; and plaintiff was a surety on this bond.

Plaintiff and the other sureties on the bond were indemnified pro tanto against loss by collateral put up by the bank amounting to $20,000 in county warrants then held and owned by the bank. The bank failed, and the plaintiff paid to the county, pursuant to the bond upon which he was surety, the sum of $26,230.06. In order to raise this money, he made use by sale or collection of the county warrants which had been pledged to him and the other sureties by the bank. He contributed $4,827.20 of his own money, thereby raising the full amount due which he paid by his own check.

The plaintiff in his suit contends that he is entitled to have the full amount of $26,230.06 allowed as a general claim against the bank, and to participate in all dividends on that amount as a basis, until the sum of $4,827.20 is paid in full to him.

The defendant receiver contends that the plaintiff is entitled to have a general claim allowed against the insolvent bank in the sum only of $4,827.20, with a right to dividends thereon.

The county has been paid in full under various bonds for the deposits which it had in the insolvent bank.

The trial court held that the plaintiff was not entitled to have a claim allowed against the bank in the sum of $26,230.06, but only in the amount of $4,827.20.

An analysis of the situation discloses: (1) An insolvent national bank; (2) a receiver appointed by the Comptroller of the Currency in charge of that bank, said officers being required by statute (12 USCA §§ 192–194) to collect the bank's assets and make ratable dividends on allowed claims; (3) a county as a depositor of the bank having its deposits secured by bonds; (4) an indemnification in part of the plaintiff as surety on one of the bonds (for $35,000) by collateral owned by the bank of the face value of $20,000; (5) a payment by plaintiff

as such surety to the county in the sum of $26,230.06 in exoneration of the bond, said sum being made up of the proceeds of the collateral mentioned (made use of, perhaps, prematurely by the surety), together with $4,827.20 of money of the surety.

The claim of the county on the bond upon which plaintiff was surety was by agreement fixed at $26,230.06. The collateral securing the sureties on the bond was $20,000 face value.

It is apparent that the indemnification of the plaintiff as surety by the collateral fell short of his liability on the bond to the extent at least of $4,827.20. This amount was the extent to which plaintiff, as surety on the bond, was called upon to contribute to the county out of his own funds.

But plaintiff contends that he, as surety on the bond, was a creditor of the insolvent bank, and, holding collateral, was a secured creditor, and was entitled to have allowance of a claim for the full amount paid ($26,230.06), and to receive dividends thereon until he was reimbursed in the amount of $4,827.20. Plaintiff relies upon the case of Merrill v. National Bank, 173 U. S. 131, 19 S. Ct. 360, 43 L. Ed. 640.

We think that the contention of plaintiff cannot be sustained, and that the Merrill Case is not applicable to the situation disclosed.

Plaintiff was not primarily a secured creditor of the bank. He was not a creditor at all, in the sense of having a definite provable claim, until the obligation under the bond to the county was paid. When that was done, the claim of the plaintiff against the bank became fixed at the amount he had been compelled to pay out of his own money, viz., $4,827.20.

The usual and orderly course of procedure would have been: (1) Demand by the county on the bank for the amount of the deposits; (2) on failure by the bank to meet the demand, demand by the county on the sureties on the bond; (3) payment by the sureties, or one of them, of the amount of the bond, or so much thereof as would with other bonds repay the county; (4) liquidation of the collateral securing the sureties; (5) claim against the bank by the paying surety for any deficit resulting; (6) recovery by the surety on its claim against the bank of such dividends as the bank paid.

But the surety on this bond given by the bank to the county in the case at bar has attempted to short-cut the steps (3), (4), and (5) by a premature use of the collateral, and by an attempt to prove a claim against the bank as a basis of dividends in a sum never in fact paid by the surety out of his own money.

The only claim the plaintiff had against the bank was for the sum of $4,827.20. This is the total sum plaintiff now seeks. Yet, because plaintiff handed over to the county the proceeds of the collateral which he held by reason of his being a surety, he now seeks to receive dividends on the collateral turned over until the dividends equal the sum of $4,827.20. Such a course of action would inevitably result in paying to the plaintiff a greater percentage on his claim of $4,827.20 than other creditors would receive on their claims. This is stripping the debtor bank of its property, which is a trust fund for its creditors. We think it is not allowable.

The fallacy of the position of the plaintiff lies in this: That he in fact, as the outcome showed, became an unsecured creditor of the bank in the amount of $4,827.20; but he is attempting to place himself in the class of secured creditors to cover that amount. We know of no doctrine of equity which will allow such a course of action.

The Merrill Case, supra, upon which plaintiff relies, is not applicable. In that case Merrill was receiver of the First National Bank of Palatka. The National Bank of Jacksonville was a creditor of the First National Bank of Palatka, insolvent, and held collateral. The question was whether the National Bank of Jacksonville could prove (before the receiver) its claim against the First National Bank of Palatka in full and receive dividends thereon without first crediting its collateral or collections made thereon.

The court held the National Bank of Jacksonville could do so, but that dividends must cease when from them and from collateral realized the claim was paid in full.

In the case at bar, plaintiff, at the time of the insolvency of the bank, was not a secured creditor of the bank, nor a creditor at all in the sense that the county was; that is, as one holding a claim against the bank and entitled to payment or reimbursement therefor. Mellette Farmers' Elevator Co. v. H. Poehler Co. (D. C.) 18 F.(2d)

430; Howell v. Commissioner, 69 F.(2d) 447 (C. C. A. 8).

Plaintiff became a creditor of the bank by subrogation to the rights of the county when he had paid to the county out of his own funds, in partial liquidation of the bank's debt, the amount he was obligated to pay as a surety on the bond. The amount was $4,827.20. To that extent plaintiff became an unsecured creditor of the bank by subrogation. Any payment that plaintiff made to the county above that sum he paid from funds (county warrants) belonging to the bank and not from funds of his own. The county warrants so used were being held for the benefit of the county as a secured creditor of the bank. Jenkins v. National Surety Co., 277 U. S. 258, 267, 48 S. Ct. 445, 72 L. Ed. 874.

Subrogation is purely an equitable right. It will not be enforced where it would be inequitable to do so, or where it would work injustice to others having equal equities. Jenkins v. National Surety Co., supra; Southern Surety Co. v. Braley, 64 F.(2d) 893 (C. C. A. 8); Pomeroy's Equitable Remedies (3d Ed.) § 922.

We find nothing in the cases cited by plaintiff which militates against the conclusion we have reached.

The decree of the trial court is affirmed.