### EMRICH et al. v. ERICKSON. *
### No. 10268.

Circuit Court of Appeals, Eighth Circuit.

Sept. 11, 1935.

*Rehearing denied Oct. 28, 1935.

M. E. Culhane, of Minneapolis, Minn. (Samuel Dolf, of Minneapolis, Minn., on the brief), for appellants.

Samuel Saliterman, of Minneapolis, Minn., for appellee.

Before STONE and FARIS, Circuit Judges, and RAGON, District Judge.

RAGON, District Judge.

On December 28, 1932, the L & R Sandwich Shops, Inc., executed chattel mortgages to L. H. Frisch, David Berman, and J. Shapiro for $500 each, and shortly thereafter conveyed its shops and assets to Lena S. Lurie. On March 10, 1933, Otto R. Emrich, a simple creditor of the L & R Sandwich Shops, Inc., commenced an action in the District Court of Hennepin county, Minnesota, against the Sandwich Company, Lena S. Lurie, and the mortgagees, to set aside the conveyances and mortgages as fraudulent conveyances.

On September 19, 1933, the creditor's bill came on for trial in the state court where it was heard as an equity action. On June 19, 1934, the judge made and filed his findings of fact and conclusions of law in favor of Emrich. After a motion for new trial had been denied on July 27, 1934, entry of judgment was stayed for twenty days. On August 14, 1934, before the expiration of the twenty days' period the L & R Sandwich Shops, Inc., was adjudicated a bankrupt and Leslie Erickson was selected as trustee.

The trustee, appellee herein, instituted proceedings which resulted in the issuance of a permanent injunction against Emrich, his attorney, and the clerk of the state court, appellants herein, enjoining further proceedings in the state court against the bankrupt, Lena S. Lurie, and others. This appeal is from the injunctive order of the District Court.

The assignments of error upon which appellants rely for a reversal are directed at the order of the court which decreed,

in effect, that the lien declared by the state court upon assets of the bankrupt was invalid as against the title of the trustee to the said assets and permanently restrained appellants from proceeding further with the action in the state court. It also decreed that title and possession of the assets were in the trustee. The disposition of the case is dependent upon the time when a lien attaches under the Minnesota Statutes providing remedies against fraudulent conveyances.

The contention of appellants is, that by filing his action in the state court more than a year before the institution of bankruptcy proceedings, appellant Emrich fastened a lien from that time upon the property involved in that proceeding which is superior to the claim of appellee. Appellants rely upon section 8483, Mason's Minn. St. 1927, which have not heretofore been construed by the Supreme Court of Minnesota in relation to this point. The statute in question reads:

"Where a conveyance or obligation is fraudulent as to a creditor, such creditor, when his claim has matured, may, as against any person except a purchaser for fair consideration without knowledge of the fraud at the time of the purchase, or one who has derived title immediately from such a purchaser.

"(a) Have the conveyance set aside or obligation annulled to the extent necessary to satisfy his claim, or

"(b) Disregard the conveyance and attach or levy execution upon the property conveyed."

█ It is contended that under this statute, appellant Emrich, as a simple creditor, and without reducing his claim to a judgment, may bring a creditor's suit to set aside the transfer as fraudulent, and that on the filing of his bill he obtained a lien upon the property named therein. Whether this statute is susceptible of a construction which will effectuate this twofold purpose, therefore, constitutes the issue for determination. Appellant Emrich, in his suit in the state court, pursued the remedy designated in subdivision (a) of the statute. Without invoking the provisions of subdivision (b) it is difficult to see wherein this statute effects any purpose other than the well established rules as to liens. New York has a statute similar to section 8483, Mason's Minn. St. 1927, and this statute has been construed

in the case of Libman-Spanjer Corp. v. Royal Hall, Inc., 146 Misc. 348, 263 N. Y. S. 98. It was held in this case that the right to have the transfer set aside to the extent of satisfying one's claim did not carry with it the implication that the creditor acquire a lien by the commencement of a suit. In Campbell v. Calcasieu National Bank, 12 F.(2d) 981, the Circuit Court of Appeals for the Fifth Circuit placed a similar construction on a Louisiana statute very similar to the Minnesota statute.

Appellants rely on the case of Metcalf Bros. & Co. v. Barker, 187 U. S. 165, 23 S. Ct. 67, 47 L. Ed. 122, and Pickens v. Roy, 187 U. S. 177, 23 S. Ct. 78, 47 L. Ed. 128, to sustain their contention. The effect of the holdings in these cases was that a prior lien existing more than four months before the filing of the petition in bankruptcy was not within the meaning of section 67f of the Bankruptcy Act (11 USCA § 107 (f). The issue to be determined in this case is whether or not Emrich had a lien existing more than four months before the petition in bankruptcy was filed. If he had such a lien, then the rule in these cases, of course, would apply. The rule laid down in the Metcalf and Pickens Cases is not applicable to the facts in the instant case.

The effect of the Minnesota statute on fraudulent conveyance is to permit a simple contract creditor to reduce his claim to judgment and set aside a fraudulent conveyance in the same action. It does not affect the time at which the lien attaches, but merely expedites procedure.

Proceedings to invoke the remedy given under subdivision (a) of section 8483 of Mason's Minn. St. 1927 against fraudulent conveyances does not fasten a lien upon the property when the action is filed, but the lien attaches only after a final judgment has been rendered. This was in effect the decision of the trial court and we concur in this view.

█ Appellants have contended at length in their brief that the bankruptcy was fraudulent, and the District Court, as a court of bankruptcy, had no jurisdiction, because of such fraud. This question was never raised in the trial court and has not been assigned as error in appellants' assignments of error. First reference is made to it in their argument and brief. The record does not disclose any substantial facts upon which to base the

charge; in fact, we find no testimony in the record of the collusive acts upon which the appellants rely to sustain this contention. Under these circumstances this point cannot be considered. Dean v. Davis, 242 U. S. 438, 37 S. Ct. 130, 61 L. Ed. 419; Ross v. Stroh (C. C. A.) 165 F. 628; Shaffer v. Koblegard Co. (C. C. A.) 183 F. 71.

The judgment of the lower court is accordingly affirmed.