## AMICK v. COLUMBIA CASUALTY CO.

### In re ATLANTIC, PACIFIC & GULF OIL CO. et al.

#### No. 11225.

Circuit Court of Appeals, Eighth Circuit.

March 2, 1939.

Dupuy G. Warrick, of Kansas City, Mo. (R. B. McCreight and Borders, Warrick & Hazard, all of Kansas City, Mo., on the brief), for appellant.

Wright Conrad, of Kansas City, Mo. (Ryland, Stinson, Mag & Thomson, of Kansas City, Mo., on the brief), for appellee.

Before GARDNER, SANBORN, and WOODROUGH, Circuit Judges.

SANBORN, Circuit Judge.

This appeal is from an order of January 25, 1938, granting to the Merchants & Manufacturers Securities Company a prior lien upon all of the assets in the hands of the trustee in bankruptcy of the Atlantic, Pacific and Gulf Oil Company and Pennsylvania Petroleum Company, bankrupts.

From December 21, 1931, until June 21, 1934, these companies were in receivership in the United States District Court for the Western District of Missouri. Nelson E. Johnson was the receiver, and during that period was continuing the business of these companies under authority of the court.

On June 19, 1934, the companies filed voluntary petitions for reorganization under Section 77B of the Bankruptcy Act (Tit. 11, U.S.C., § 207, 11 U.S.C.A. § 207; 48 Stat. 912), and on June 21, 1934, Nelson E. Johnson was appointed temporary trustee with authority to continue the operation of the business. On February 18, 1935, Johnson was succeeded by E. E. Amick as temporary trustee, and on February 28, 1935, the companies, the as-

sets of which had been greatly depleted by Johnson's operations, were ordered to be liquidated. On or about March 22, 1935, Amick was elected trustee in bankruptcy of the estates of the insolvent companies.

Prior to receivership, these companies had entered into agreements with the Merchants & Manufacturers Securities Company to sell to it certain currently created accounts receivable and other evidences of indebtedness, referred to as "assigned accounts". The companies were to collect these assigned accounts for the Securities Company and to transmit to it whatever was received in payment of them. The companies conformed to the agreement, but Johnson, when he became receiver, appropriated the payments made upon the accounts belonging to the Securities Company and commingled them with the receivership funds, which funds he apparently proceeded to lose in the operation of the business. See United States to Use of Merchants & Manufacturers Securities Co. v. Johnson, 8 Cir., 98 F.2d 462, 464. On February 4, 1932, the Securities Company intervened in the receivership proceedings, claiming that the moneys collected by Johnson upon the assigned accounts were funds held by him in trust for it. Johnson denied the validity of the contracts with the Securities Company, and charged that they were usurious. A trial of the issues was had on June 1, 1932, at which it appeared that from December 21, 1931, to the date of the trial the receiver had collected $49,969.19 upon the assigned accounts. On March 6, 1933, the court decided that the contracts were usurious and that the lien of the Securities Company was unenforceable, but that it was a general creditor. On appeal, this Court reversed in an opinion filed March 5, 1934. Merchants' & Manufacturers' Securities Co. v. Johnson, 8 Cir., 69 F.2d 940. After the denial of Johnson's petition for rehearing on May 9, 1934, and the denial of an application for certiorari by the Supreme Court on October 8, 1934, 293 U.S. 569, 55 S.Ct. 80, 79 L.Ed. 668, the mandate of this Court was filed in the court below on October 17, 1934, and a decree was entered by that court, pursuant to the mandate, two days later. That decree awarded to the Securities Company a judgment against Johnson, receiver, for $32,489.01 with interest, and directed that it should be a special lien upon all of the assigned accounts still unpaid and upon the proceeds thereof in the hands of the receiver, and provided that if the receiver had disposed of any such proceeds he should replace them out of the general funds and assets of the receivership. This decree was made effective as of March 6, 1933.

On July 9, 1934, the Securities Company filed in the reorganization proceedings an intervening petition, and on November 28, 1934, an amended intervening petition praying for an order directing the temporary trustee to satisfy and discharge the judgment in its favor which it asserted was a prior lien upon the entire assets of the trust estates. The trustee resisted and denied that the Securities Company had any such lien. The issues were tried before the referee in bankruptcy, who decided that the Securities Company had no prior lien upon the assets in the hands of the trustee in bankruptcy. Upon petition to review, the court below reversed, and the Securities Company was granted a prior lien; this on January 25, 1938. An appeal was taken by Amick, trustee, from this order on February 23, 1938.

On October 14, 1938, this Court, upon a petition of the Columbia Casualty Company for substitution, entered an order which recites that, "the Court, being fully advised in the premises, finds that petitioner, Columbia Casualty Company, has succeeded to all right, title, interest and estate of the appellee, Merchants and Manufacturers Securities Company, in this cause, and it is, therefore, Ordered and Adjudged, that the said petition of the Columbia Casualty Company be and the same is hereby sustained; and it is further Ordered, that said petitioner, Columbia Casualty Company be and is hereby substituted as party appellee herein in place and stead of the Merchants and Manufacturers Securities Company, without prejudice to the proceedings heretofore had herein." The basis for this substitution, although not shown in the record, was the payment of a judgment obtained by the Securities Company in an action at law against Nelson E. Johnson and the Columbia Casualty Company, the surety upon his bond as receiver. See United States to Use of Merchants & Manufacturers Securities Co. v. Johnson, 8 Cir., 98 F.2d 462. The judgment was based upon the very claim for which the Securities Company was allowed a prior lien by the order from which this appeal is taken, and the Casualty Company, when it paid, took an assignment of the claim and the

986

lien from the Securities Company. The Casualty Company now seeks an affirmance of the order appealed from, for its benefit, while the trustee in bankruptcy asks that it be reversed.

The court below decided that, because of the mandate of this Court in Merchants' & Manufacturers' Securities Company v. Johnson, 8 Cir., 69 F.2d 940, and because of the decree of the District Court entered pursuant thereto, the Securities Company had a prior lien upon all of the assets of the bankrupt estates. That court did not decide, and had no occasion for deciding, that if the surety upon Johnson's bond should be required to pay to the Securities Company the amount of its claim and lien in the bankruptcy proceedings, the surety would succeed to the rights and remedies of the Securities Company in those proceedings. That question was not presented to the court below and was not considered by it.

■ This Court, in granting substitution to the Casualty Company, did not decide, and had no power to decide, that the rights of the Casualty Company against the assets of the bankrupt estates are the same rights that the Securities Company had at the time of the entry of the order appealed from. This Court is not a court of bankruptcy. See Section 1(8) [now § 1(10)] and Section 11, Title 11, U.S.C., 11 U.S.C.A. §§ 1(8) now (10), 11. In bankruptcy proceedings its jurisdiction is purely appellate. Section 1(3), Title 11, U.S. C., 11 U.S.C.A. § 1(3); Section 47, Title 11, U.S.C., 11 U.S.C.A. § 47; In re J. B. Judkins Co., 1 Cir., 205 F. 892, 894.

■ Since the judgment of the Securities Company has been paid in full by the surety of Johnson, receiver, the Securities Company no longer has any lien upon any of the assets in the hands of the trustee in bankruptcy, and the question of the validity of the order granting to it a prior lien has become moot.

■ The question whether the Casualty Company has, by assignment or subrogation, acquired the claim and lien of the Securities Company and the right to enforce it to the detriment of other creditors of the bankrupts, not having been presented to or ruled upon by the court of bankruptcy, will not be decided by this Court upon this appeal. In re Schulte-United, Inc., 8 Cir., 59 F.2d 553, 559; Bachman v. McCluer, 8 Cir., 63 F.2d 580, 583; Levy v. Charlesworth, 8 Cir., 74 F.2d 495, 496; Emrich v. Erickson, 8 Cir., 78 F.2d 858, 859, 860; Cowherd v. Phoenix Joint Stock Land Bank, 8 Cir., 94 F.2d 329, 331.

■ If it clearly appeared that the Casualty Company had succeeded to all of the rights and remedies of the Securities Company in the bankruptcy proceedings and had a prior lien upon the assets of these estates, it would, perhaps, be well to say so in the hope of terminating this controversy. It is not clear to us that it has any such lien or any right to participate in the distribution of the assets of these estates. It gave a bond to insure the faithful performance by Johnson of his duties as receiver. The bond was given for the benefit of all those interested in the estates. Johnson did not faithfully perform his duties. Apparently through mismanagement and failure to keep the court advised of the results of his operation of the business of these companies, the assets of his trust became greatly impaired. United States to Use of Merchants & Manufacturers Securities Co. v. Johnson, 8 Cir., 98 F.2d 462, 468. Because of his appropriation of property which belonged to the Securities Company, Johnson and his surety became jointly and severally liable to it. It recovered a judgment which the surety was obliged to pay. The surety now seeks subrogation to the rights and remedies of the Securities Company against the trustee in bankruptcy. Its right to subrogation we regard as very doubtful. Subrogation is enforced only in favor of a superior equity. "It is merely the doctrine of a square deal and it is for a court of equity to say who, in good conscience, should bear a loss." Martin v. Federal Surety Co., 8 Cir., 58 F.2d 79, 84. Subrogation will not be enforced where it would be inequitable and where it would work injustice to those having equal equities. Ward v. First Nat. Bank, 8 Cir., 76 F.2d 256, 258; Southern Surety Co. v. Braley, 8 Cir., 64 F.2d 893, 896; New York Title & Mortgage Co. v. First National Bank, 8 Cir., 51 F.2d 485, 487, 77 A.L.R. 1052; Jenkins v. National Surety Co., 277 U.S. 258, 267, 48 S.Ct. 445, 72 L.Ed. 874. "It is well settled that the right of subrogation does not obtain in favor of one who discharges a debt in the performance of his own obligation, nor where the equities are equal." Commercial Casualty Ins. Co. v. Petroleum Pipe Line Co., 10 Cir., 83 F.2d 412, 414. The contention that the surety upon the bond of Johnson, receiver, has

a prior right to reimbursement out of the remnants of these estates for what it has been compelled to pay the Securities Company because of Johnson's mismanagement of the receivership, does not have a strong appeal. The surety should, however, be afforded every opportunity to assert, and establish if it can, its rights to a claim and lien for what it has paid the Securities Company.

That company having been paid in full, no longer has any interest in or lien upon the assets of these estates, and we think that the order appealed from, establishing its right to a lien, should be vacated.

The case is remanded with directions to vacate the order appealed from and for such further proceedings as are not inconsistent with this opinion.