## AMERICAN SURETY CO. OF NEW YORK v. NATIONAL BANK OF BARNES-VILLE, OHIO, et al.

### (District Court, S. D. Ohio, E. D.)

### No. 331.

**I. Banks and banking ⟪80(9)—Insolvent bank's indebtedness to school district is reduced by surety's payment under liability bond, and payment by receiver of dividends on full amount held erroneous.**

Failure of receiver of insolvent bank to cancel amount of indebtedness to school district to extent that it was reduced by surety company in satisfaction of its liability on indemnity bond, and payment of pro rata dividend on full amount to board of education *held* erroneous.

**2. Subrogation ⟪28—Surety, paying full bond liability in partial extinguishment of debt, held not subrogated to rights of creditor in amount paid.**

Surety company, by paying full liability under bond partially extinguishing debt of board of education against depository, *held* not subrogated to rights of board of education to extent of amount paid against bank, because total debt to board of education was not paid.

**3. Subrogation ⟪1—"Subrogation" is substitution of one person for another with reference to lawful claim or right.**

"Subrogation," in its broadest sense, is substitution of one person in place of another with reference to lawful claim or right, and is frequently referred to as the doctrine of substitution.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Subrogation.]

**4. Principal and surety ⊛185—Surety has right of action against principal on indemnity contract on paying liability under bond.**

Surety, paying liability on bond, has right of action against principal on indemnity contract indemnifying surety against loss in consequence of having executed bond.

In Equity. Suit by the American Surety Company of New York against the National Bank of Barnesville, Ohio, and others. Order in accordance with opinion.

Booth, Keating, Pomerene & Boulger, of Columbus, Ohio, for plaintiff.

W. O. Chappell, of Barnesville, Ohio, for defendant receiver.

Herbert Mitchell, of St. Clairsville, Ohio, and J. H. Chaney, of Barnesville, Ohio, for defendant board of education.

HOUGH, District Judge. This case was submitted to the court upon the pleadings, consisting of the bill and separate answers of the receiver and the board of education, and agreed statement of facts, oral arguments, and briefs.

The Barnesville National Bank is in receivership. Prior to its failure it became the depository for the school funds of the defendant board of education. At the time the bank became the depository for the school funds, and in order to effect the same, it executed a bond, with the complainant, American Surety Company of New York, as surety, to the board of education, in the sum of $6,000, conditioned as follows:

"That if said National Bank of Barnesville shall safely keep the moneys constituting the funds of said board of education of Kirkwood township, Belmont county, Ohio, so to be deposited with it, and shall promptly pay all checks and drafts drawn in accordance with law by the clerk of said board of education of Kirkwood township against said funds, including all interest to accrue thereon, at the agreed rate per centum on all daily balances, then this obligation shall be void; otherwise, to remain in full force and virtue in law."

Prior to the execution of this bond, the president and cashier of said bank signed a written application for said bond, in which application appears the following language, to wit:

"3. That the depository shall indemnify and keep indemnified the surety company from any liability of loss, costs, charges, suits, damages, counsel fees and expenses of whatever nature, which the surety shall or may for any cause, any time, sustain or be put to, in consequence of the surety having executed said bond."

This application was accepted by the surety company by the issuance of said bond. The bank failed, and the defendant receiver was appointed.

At the time of the failure, the bank's indebtedness to the board of education on said deposit was $28,251.06. The receiver allowed a set-off, amounting to $12,000 in bonds, leaving a net indebtedness to the board of education of $16,030.47.

Upon notice by the board of education to the surety company of liability upon the surety bond, the surety company paid the full amount thereof, to wit, $6,000, to the board of education. The receiver has paid dividends to the bank's creditors of 45 per cent. of their claims. The board of education has received this percentage, based upon the full net amount; that is, less the amount of the set-off, and including the $6,000 received from the surety company.

The surety company, after paying its liability under the bond, filed a claim for allowance with the receiver for the full amount so paid. The receiver refused allowance of the claim. A bill in equity was filed, to compel the receiver to accept and allow the surety company's claim, and to pay it dividends at the same rate as other general creditors of the bank, and that the board of education be required to return all dividends received by it upon the $6,000 amount.

The complainant contends that it has responded to its full liability under its bond, and is therefore subrogated to the rights of the board of education to the extent of the amount paid to it, $6,000.

The defendants claim that the doctrine of subrogation does not apply, for the reason that the payment of the full amount of the bond does not extinguish, and only partially extinguishes the debt owing to it by the bank.

The complainant contends that it guaranteed the repayment of the school funds up to the amount of $6,000, while the defendants contend that the surety company guaranteed the repayment of the school funds irrespective of amount, but limited its liability for the breach of that guaranty to a stipulated, or liquidated, so to speak, amount of $6,000.

A further contention is made by the complainant that the deposit by the board of education, or its treasurer, of funds in excess of the amount of the bond, is unlawful under the Ohio statutes, and subjects the treasurer or other officer of the board of education, making the deposit, to a liability therefor.

[1] Whether this latter contention is well founded or not is not important. The rights of the surety company are contractual, and are neither broadened, narrowed, nor affected by the liability of the treasurer of the school board or his bondsmen. The indebtedness of the bank to the board of education was reduced by the sum of $6,000 when the surety company paid that amount in full of its obligation. The failure to cancel that amount of the indebtedness, and the payment of pro rata dividends on that amount to the board of education, was erroneous on the part of the receiver.

If the contention of the defendants that the doctrine of subrogation is not applicable is true, the payment of dividends on the $6,000 could be justified, in so far as it affects the surety company and the board of education, from no standpoint in respect to the rights of other creditors of the bank similarly situated, if any there be, and supposedly there were other depositors of the bank, who have become general creditors, and have filed their claims with the receiver.

[2, 3] Was the surety company, by the payment of its full bond liability, subrogated to the rights of the board of education to the extent of the amount paid, and against the bank? Subrogation, in its broadest sense, is the substitution of one person in the place of another, with reference to a lawful claim or right, and it is frequently referred to as the doctrine of substitution. Pro tanto subrogation is frowned upon because of the inequitable results flowing therefrom. In the instant case, the surety company discharged its entire obligation. On the other hand, this discharge only partially extinguished the debt of the board of education. This is the exact situation in which the surety company finds itself.

The federal courts have dealt with such a situation. In the case of United States Fidelity & Guarantee Company v. Union Bank & Trust Company, 228 F. 448, the Circuit Court of Appeals, speaking through Judge Denison, says on page 455:

"The right of a surety on a bond to be subrogated for the obligee in a right of action against one wrongfully causing the liability is founded on payment by the surety [company] to the obligee, and it does not come into existence except upon full payment of the loss indemnified against. This is because subrogation is of an equitable character, and the surety cannot be permitted to take away from the obligee, to the latter's prejudice, securities or rights in which he is still beneficially interested."

In this case the bonding company had paid its entire obligation, but the court held on equitable grounds that subrogation did not take place, because there remained still a part of the debt unpaid; and further on in the same opinion the court say:

"The cause of action existing in favor of the city or of the county was a single, indivisible cause of action, even if it existed separately from the rights of individual beneficiaries, and it could not be split up into two actions, with or without the consent of the city or county."

The United States Supreme Court in the case of U. S. v. National Surety Co., 254 U. S. 73, 41 S. Ct. 29, 65 L. Ed. 143, the court say, speaking of the priority of statute (Rev. St. § 3466 [Comp. St. § 6372]):

"While the priority given the surety by the statute attaches as soon as the obligation upon the bond is discharged, it cannot ripen into enjoyment unless or until the whole debt due the United States is satisfied. This result is in harmony with a familiar rule of the law of subrogation, under which a surety liable only for part of the debt does not become subrogated to collateral, or to remedies available to the creditor, unless he pays the whole debt or it is otherwise satisfied." Peoples v. Peoples Bros. (D. C.) 254 F. 489; National Bank of Commerce v. Rockefeller (C. C. A.) 174 F. 22.

The rights of the board of education are therefore fortified against subrogation, and the surety company has no right to relief through this doctrine.

The written application, signed by the bank through its officers, accepted by the surety company, evidenced by the issuance of the surety bond thereon, constituted a contract of indemnity, limited to the terms of indemnity expressed therein. The relationship of debtor and creditor between the bank and surety company was created on the acceptance of the application by the surety company. Liability dated from that moment. The question of amount of that liability became a determinable factor only after default upon the bond by the bank and the payment of the surety liability by the surety company.

[4] At the time the surety company presented its claim to the receiver for allowance, it had a right of action on its indemnity contract. Title Guaranty & Surety Co. v. Hannon and others (C. C. A.) 265 F. 116. If there are no reasons, outside of what is presumptively shown by the record in this case, why this right of action of the surety company could not be developed into a judgment, or some

other reason why the surety company should be put to suit to establish its right of action, it would seem that the receiver erroneously rejected the surety company's claim. If this apparent right of action were transformed into a judgment, no reason is discernible why, in that form, it would not be a claim of an unsecured nature against the bank, and that the surety company would be a creditor on a parity with other unsecured creditors.

So far as the prayer of the bill prays for an order directing the receiver to accept the complainant's claim by reason of the right of subrogation, the same is denied; the defendant receiver will deduct from the claim of the defendant board of education, filed and allowed by him, the sum of $6,000, and will recover from the defendant board of education all sums paid to it as dividends upon the said amount of $6,000, and this cause is continued for a period of 30 days for such further proceedings as may be desirable in the premises.

An order may go on accordingly.