In re PRUDENCE–BONDS CORPORATION.
Application of CITY BANK FARMERS TRUST CO.

No. 199.

Circuit Court of Appeals, Second Circuit.
March 13, 1939.

Thomas Cradock Hughes and Emanuel Celler, both of New York City (Thomas Cradock Hughes, of New York City, of counsel), for appellants.

Delafield, Marsh, Porter & Hope, of New York City (Frank R. Pitt and Gardner C. Klein, both of New York City, of counsel), for City Bank Farmers Trust Company, as successor trustee of the AA Series of Prudence Bonds.

Before SWAN and AUGUSTUS N. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

On June 2, 1926, C. F. S. Realty Corporation and Franklin Boulevard Corporation executed and delivered a bond to Prudence Company in the sum of $250,000 and C. F. S. Realty Corporation also executed and delivered a mortgage covering premises in the Town of Long Beach which, with the improvements thereafter placed thereon, became known as Hotel Franklin. The mortgage recited that it was made pursuant to a certain building loan argeement between Franklin Boulevard Corporation, one of the bondsmen, and Prudence Company dated February 1, 1926.

On June 2, 1926, Franklin Boulevard Corporation also delivered an agreement to Prudence Company which provided that the former should deposit with Prudence Company $2,500 on June 1, 1927; $1,250 on July 1, 1927; $1,250 on August 1, 1927, and like sums annually thereafter on the first days of June, July and August respectively until the total sums deposited should equal $25,000. These moneys were to be used by Prudence Company to purchase Prudence Bonds which were to be held "as collateral security to said mortgage" and "as collateral security for the payment of the principal sum of Two Hundred and Fifty Thousand Dollars ($250,000) and interest thereon." The agreement likewise provided that on July 1, 1931 $5,000 of Prudence Bonds thus purchased should be released by Prudence Company to Franklin Boulevard Corporation and a like amount of such bonds up to $25,000 should be released annually thereafter so long as there was no default in any of the terms and conditions of the agreement or the bond and mortgage. Of these bonds $5,000 remain unreleased in the hands of the trustees of Prudence Company.

Under date of June 2, 1926, Prudence Company also obtained a written agreement wherein six individuals jointly and severally guaranteed to Prudence Company, until such time as the principal of the bond and mortgage had been reduced to

$175,000, payment of the limited amount of $75,000 principal, together with interest thereon.

The bond and mortgage were eventually deposited, as security for an issue of Prudence Bonds Series AA, with Bank of America as trustee, under a certain trust agreement dated August 1, 1922 made by Prudence Bonds Corporation.

Art. 1, § 7 of the Series AA Trust Indenture gives certain rights to Prudence Company as follows:

"The Trustee shall hold the Trust Fund in its possession and, as long as and at any time when the aggregate principal amount of the Trust Fund shall not be less than the principal of all Prudence-Bonds then outstanding and issued hereunder, and as long as there shall exist no events of default specified in Article IV hereof, upon which the Trustee may take action as therein provided, the Trustee shall permit the Corporation or The Prudence Company, Inc., to collect and retain all payments of interest and principal subject to the provisions of Section 1 (I) of Article III hereof, on the securities constituting the Trust Fund, and upon notification to the Trustee, to enforce for its own benefit, in the name of the Trustee or otherwise, any and all provisions contained in any of the said securities constituting the Trust Fund, and at its expense to maintain such proceedings as may be appropriate for the collection by foreclosure of any bond and mortgage in the Trust Fund or mortgage, a participation certificate relating to which, is in the Trust Fund without necessarily withdrawing such bond and mortgage or participating certificates therefrom."

In 1932 Prudence Company, in the name of Bank of America, then trustee of the Series AA bond issue, instituted an action for partial foreclosure of the bond and mortgage, calling due $30,000 principal, together with accrued interest. A sale of the premises was held, pursuant to a judgment of foreclosure, and title was taken under a referee's deed dated September 10, 1932, in the name of Amalgamated Properties, Inc., subject to a continuing lien of the principal due under the mortgage to the amount of $186,300 and interest thereon from March 18, 1932. A deficiency judgment for $42,593.01 was also obtained against C. F. S. Realty Corporation and Franklin Boulevard Corporation (the original debtors) and against five of the six individuals who had made the limited guarantee of $75,000 on June 2, 1926.

On or about October 31, 1932, Prudence Company delivered to Bank of America, as collateral substituted for the $30,000 principal amount of the mortgage called due in the partial foreclosure, the following security: (1) Prudence Bonds of Series AA in the amount of $1,800; (2) $17,250 in cash; and (3) three mortgages aggregating $10,950. At the time of the partial foreclosure proceedings, no default existed under the terms of the trust indenture either with respect to principal, interest, or any other covenant or with respect to the agreement of guarantee given by Prudence Company and incorporated in the trust indenture.

The petitioner, City Bank Farmers Trust Company (successor trustee to Bank of America), makes the present application as owner and holder of the bond and mortgage for $250,000 and prays that Prudence Company and its trustees be ordered to turn over and deliver to it all records and papers concerning the deficiency judgment and all other papers and documents relating to the instrument of guarantee by the six individual guarantors dated June 2, 1926, and prays for an order directing Prudence Company or its trustees likewise to turn over the $5,000 of bonds held as collateral security for the $250,000 bond and mortgage upon which $186,300 of principal had become due, as well as interest thereon amounting to $52,877.15, and taxes and other charges to the amount of $5,198.02.

The District Court ordered the delivery to the City Bank Farmers Trust Company of the various records, papers and documents and of the $5,000 of bonds as prayed for in the application. It also denied a cross petition of the trustees of Prudence Company praying that the City Bank Farmers Trust Company be directed to assign to them all right, title and interest in and to the deficiency judgment against C. F. S. Realty Corporation, Franklin Boulevard Corporation and the individual guarantors, and all papers and other documents relating to the deficiency judgment and the foreclosure action.

The trustees of Prudence Company have appealed from the foregoing order denying their cross-petition and granting the petition of City Bank Farmers Trust Company as successor trustee of Prudence Bonds Series AA under the Trust Agree-

ment dated August 1, 1922. We think that the order was right and should be affirmed.

The appellants argue that because Prudence Company had substituted the new collateral we have already described for the $30,000 principal of the bond and mortgage, which had been called and was embraced in the partial foreclosure suit, and had turned it over to the Bank of America as trustee, they are entitled to hold both the deficiency judgment and the $5,000 of bonds purchased with the moneys deposited by the mortgagor as additional collateral to the bond and mortgage. The appellants particularly rely upon Article 1, § 7, of the Series AA Trust Agreement as a basis for claiming the deficiency judgment and the $5,000 of bonds as the property of Prudence Company, because at the time when the judgment was recovered and the deposits were made by the mortgagor, Prudence Company was not in default under its guaranty of the payment of the bond and mortgage. They contend that the subsequent default of Prudence Company in fulfilling its guarantee did not impair its right to the deficiency judgment and to the $5,000 of bonds which it had acquired before it was in default. The difficulty with this argument is that both the limited guarantee for $75,000 and the bonds were collateral to secure payment of the bond and mortgage for $250,000 deposited with City Bank Farmers Trust Company to secure the issue of Prudence Bonds Series AA, payment of which bond and mortgage Prudence Company had guaranteed. Consequently, the right to this collateral passed to City Bank Farmers Trust Company for the benefit of the Series AA bondholders. Craig v. Parkis, 40 N.Y. 181, 100 Am.Dec. 469; Curtis v. Tyler, 9 Paige 432. The mortgage, to the extent of $186,300 of principal, $52,877.15 of interest and $5,198.02 charges, still remains due and unpaid. The Prudence Company that guaranteed the debt is seeking to realize upon the collateral before paying off the whole of the obligation to secure which the collateral was given. This is contrary to the established rule in cases of subrogation. McGrath v. Carnegie Trust Co., 221 N.Y. 92, 95, 116 N.E. 787; Hanlon v. Union Bank of Medina, 247 N.Y. 389, 391, 160 N.E. 650; United States v. National Surety Co., 254 U.S. 73, 76, 41 S.Ct. 29, 65 L.Ed. 143; Jenkins v. National Surety Co., 277 U.S. 258, at 266, 267, 48 S.Ct. 445, 72 L.Ed. 874. Nor do we think that appellants are in any better situation because of Article 1, § 7 of the Trust Agreement which permitted Prudence Company "to enforce for its own benefit, in the name of the Trustee or otherwise, any and all provisions contained in any of the * * * securities constituting the Trust Fund, and at its expense to maintain such proceedings as may be appropriate for the collection by foreclosure of any bond and mortgage in the Trust Fund or mortgage, a participation certificate relating to which, is in the Trust Fund without necessarily withdrawing such bond and mortgage or participating certificates therefrom". There is no reason to suppose that the section embraced cases of partial foreclosure or permitted the withdrawal of a portion of a mortgage pledged as security from a trust. We think that the surety ought not to be permitted to compete with the bondholders in dealing with security to which they had a right to look for the satisfaction of their claims. See Jenkins v. National Surety Co., 277 U.S. 258, 267, 48 S.Ct. 445, 72 L.Ed. 874. It makes no difference whether or not Prudence Company was in default at the time it acquired its rights—in either event they must be held as subordinate to those of the trustee for the bond issue. This was the limit of what we decided in Prudential Ins. v. Liberdar, 2 Cir., 72 F.2d 395, and Brooklyn Trust Co. v. Leider, 2 Cir., 85 F.2d 504, where the interest acquired through partial foreclosure was junior to that of the bondholders. To sanction the claims of the trustees of Prudence Company would amount to giving them interests in the collateral superior to those of City Bank Farmers Trust Company as Trustee for the Series AA bondholders. This would be highly prejudicial to the rights of the bondholders to look to all the collateral as security for the indebtedness.

We hold that Prudence Company could not lawfully acquire any interest in the collateral that would be superior to that of the bondholders and that the application of the City Bank Farmers Trust Company as successor trustee of Prudence Bonds Series AA should, therefore, prevail against the trustees of Prudence Company.

Order affirmed.

NOTE: Judge MANTON sat at the argument of this appeal but resigned before the opinion was written.