### In re STRATTON.
No. 39606.

District Court, S. D. California,
Central Division.

Dec. 17, 1943.

---

Martin Gendel, of Los Angeles, Cal., for trustee.

Mathes & Sheppard and Gordon F. Hampton, all of Los Angeles, Cal., for American Surety Co. of New York.

## J. F. T. O'CONNOR, District Judge.

The principal question presented on review from the Referee in Bankruptcy is: Can a surety, having paid certain claims under its bond given to a contractor who later is adjudged a bankrupt, participate in dividends on its allowed claim from the estate of the contractor before the creditors of the class covered by the bond are paid in full? The answer is no.

The contractors obtained from the American Surety Company, as surety, a laborers and materialmen, statutory form of bond for the State of California as required by the law, "to benefit of persons who perform labor or furnish * * *", etc. " * * * giving to such persons right of action to recover hereon in any suit brought to foreclose mechanic's lien, or in a separate suit brought upon this bond * * *."

Several of the creditors for whom the bond was given complied with sec. 1183, Code Civ.Proc. California, and were paid $6,724.78 by the surety company, being the amount of their claims.

Three creditors, with claims amounting to $1,336.11, did not comply with the statute, did not file a mechanic's lien, or give written notice, or commence suit against the surety. They did, however, file their claims in the bankruptcy court.

Two other laborers and materialmen failed to comply with the statute and failed to file claims in the sum of $259.13 in the bankruptcy court. Judge Paul J. McCormick of this court, In the matter of Strotz, Bankrupt, 50 F.Supp. 322, 325, said: "Section 57, sub. d, of the Act, 11·U.S.C.A. § 93, sub. d, provides that claims· which have been duly proved shall be allowed upon receipt by or upon presentation to the court. Such claims and no others are to be allowed by the referee. Bankruptcy proceedings are largely a matter of administration by the referee, and the above section especially imposes upon the referee a duty to see that an estate or the fruits of an arrangement in bankruptcy is not distributed among those who fail to prove their legal right to share therein. A referee is more than an arbitrator in matters referred to him. He has the duty to examine the proofs filed and to determine their legal sufficiency. In re Owl Drug Co., 9 Cir., 84 F.2d 342; In re Goble Boat Co., D. C., 190 F. 92; In re Noble, D.C., 15 F.Supp. 648; and when a creditor in some form calls the attention of the court to a patently stale claim, the referee should sua sponte under the provisions of sections 2, sub. a(2) and 57, sub. k, 11 U.S.C.A. §§ 11, sub. a (2), 93, sub. k, examine it and determine its validity—and this the referee should do whether the trustee or the objecting creditor raises specific objections to the sufficiency of the proof filed or not."

The surety company filed a general claim against the bankrupt estate in the sum of $6,987.48. This claim was allowed as a general claim.

The referee made an order directing the trustee not to pay any dividends on the general claim of the American Surety Company of New York until the claims of the three unpaid creditors, amounting to $1,336.11, who were in the class covered by the bond, were paid in full.

The Supreme Court of the United States, In re American Surety Co. v. Westinghouse Electric Mfg. Co., 296 U.S. 133, 56 S.Ct. 9, 11, 80 L.Ed. 105, 29 A.B.R.,N.S., 655, is authority for sustaining the order of the referee: "A surety who has undertaken to pay the creditors of the principal, though not beyond a stated limit, may not share in the assets of the principal by reason of such payment until the debts thus partially protected have been satisfied in full."

Again, the Supreme Court of the United States said: "A surety liable only for part

of the debt does not become subrogated to collateral or to remedies available to the creditor unless he pays the whole debt or it is otherwise satisfied." United States v. National Surety Co., 254 U.S. 73, 41 S.Ct. 29, 65 L.Ed. 143. Prudence Realization Corp. v. Geist, 1942, 316 U.S. 89, 62 S.Ct. 978, 86 L.Ed. 1293, 48 A.B.R.,N.S., 695. Jenkins v. National Surety Co., 277 U.S. 258, 48 S.Ct. 445, 72 L.Ed. 874.

The fact that the three creditors did not elect to comply with sec. 1183, Code Civ.Proc.Cal., but looked to the bankrupt estate to pay their claims, does not estop them from having their claims paid by the estate prior to the payment of the claim of the surety. American Surety Company of New York v. Westinghouse Electric Mfg. Co., supra.

Collier on Bankruptcy, Volume 3, pages 284 to 296, makes the following comment:

"A mere partial discharge of the principal debt by the surety, be it prior or subsequent to the date of the filing of the petition in bankruptcy, falls squarely under Sec. 57i * * *. Thus if the claim originally amounted to $1,000 and the surety paid $750 thereon, the original creditor, since his obligation is not paid in full and even though he has received $750, may file a claim for the full $1,000 and continue to receive dividends on the entire amount of the claim until the amount of the surety's payment plus the dividends amount to 100% of the claim * * *. Then only may the surety assert his right to further dividends based on that part of the original claim to which he was subrogated ($750) * * *."

"In this respect there is no difference between a surety who is secondarily liable for the full amount of the principal debt and one who limited his liability to a certain maximum (smaller than the principal debt) on which he is surety. Both have to wait until the principal creditor is fully satisfied."

At first glance this doctrine may seem harsh. True, the surety has paid out money—discharged a claim against the bankrupt—but as a surety he stood in the shoes of the bankrupt to the extent that he was obligated to pay these claims. The surety's obligation was supported by a consideration, and in many instances security is required in addition to the premium exacted. Toward the class of creditors covered by the bond, the bankrupt and the surety stood shoulder to shoulder. The surety is charged with knowledge of the law as declared by our Supreme Court. The decisions are clear and hold contrary to the contention of the surety.

There is an imperative duty imposed upon the trustee, and he is required to distribute the estate according to law, and therefore has an interest in the controversy. The rights of the surety under the doctrine of subrogation or an assignment by the creditors is discussed in Meyers v. Bank of America Nat. Trust & Savings Ass'n, 11 Cal.2d 92, 77 P.2d 1084; 60 C.J., page 749.

The order of the referee is affirmed.