**AMERICAN SURETY CO. OF NEW YORK v. SAMPSELL.**

**No. 10721.**

Circuit Court of Appeals, Ninth Circuit.

April 24, 1945.

Mathes & Sheppard and Gordon F. Hampton, all of Los Angeles, Cal. (Cameron W. Cecil, of Los Angeles, Cal., of counsel), for appellant.

Martin Gendel and Nat Rosin, both of Los Angeles, Cal., for appellee.

Before MATHEWS, STEPHENS and HEALY, Circuit Judges.

MATHEWS, Circuit Judge.

On January 2, 1941, Charles B. Stratton contracted with General Electric Company to make certain alterations in that company's factory building at Ontario, California. On January 3, 1941, Stratton and appellant, American Surety Company of New York, executed a bond reading as follows:

"Know All Men by These Presents: That We, C. B. Stratton, doing business as the Stratton Construction Company as principal, and American Surety Company of New York, a corporation organized and existing under the laws of the State of New York, and duly authorized to transact business under the laws of the State of California, as Surety, are held and firmly bound unto any and all persons, furnishing materials used in, upon, for or about the performance of the work contracted to be executed or performed under the contract hereinafter mentioned, and all persons who performed work or labor upon the same, and all persons who supply both work and materials, and whose claim has not been paid by the contractor, company, or corporation, in the just and full sum of Thirty-Three Thousand Nine Hundred Fifty and No/100 ($33,950.00) Dollars, for the payment whereof well and truly to be made, said Principal and Surety bind themselves, their heirs, administrators, successors and assigns, jointly and severally, firmly by these presents.

"The Condition of the Foregoing Obligation Is Such, That Whereas the above bounden Principal has entered into a contract, dated January 2, 1941, with General Electric Company to do and perform the following work, to-wit: doing all alterations to factory building for the General Electric Company, Ontario, California,

"Now, Therefore, if the above bounden Principal shall pay or cause to be paid in full the claims of all persons performing

labor upon or furnishing materials to be used in doing the work described in said contract or in any modification thereof, then this obligation shall be void; otherwise to remain in full force and effect. This bond shall inure to the benefit of any and all persons who perform labor upon or furnish materials to be used in said work, giving to such persons a right of action to recover hereon in any suit brought to foreclose mechanics liens arising under said contract or in a separate suit brought upon this bond in an amount not exceeding, however, in the aggregate of all recoveries, the amount of the bond as above specified.

"No suit or action on this bond to recover for labor performed or material furnished in respect to work herein referred to shall be sustained unless the same be commenced within the period provided by law after the claimant filed his claim of lien, or if he files no such claim of lien, unless the suit or action be commenced within six months after the contractor finally ceases operations on the work described in said contract."

The work described in the contract was completed on or about September 10, 1941. Stratton did not pay or cause to be paid the claims of all persons performing labor upon or furnishing materials used in doing the work described in the contract. Five such claims, aggregating $6,724.78, were not paid by Stratton, but were paid by appellant. Three such claims, aggregating $1,336.11, were not paid at all. The three unpaid claims were those of Jack Campbell, Probert Manufacturing Company, hereafter called Probert, and Tony Stevens, for $805.10, $385 and $146.01, respectively.

On November 27, 1941, Stratton was adjudged a bankrupt. Appellee, Paul W. Sampsell, was appointed trustee. Appellant filed with the referee in bankruptcy proof of a claim for $6,987.48, asserting that it had executed the above-mentioned bond as Stratton's surety upon his application and agreement to indemnify and save appellant harmless against all claims and expenses resulting therefrom, and that, as such surety, it had paid five claims, aggregating $6,724.78, as stated above, plus expenses amounting to $262.70—a total of $6,987.48.

Appellant's claim was allowed. Campbell, Probert and Stevens filed with the referee proofs of their claims, aggregating $1,336.11. These were allowed, as were the claims of numerous other creditors.

Appellee, as trustee, petitioned for and obtained from the referee an order directing that no dividend be paid on appellant's claim unless and until the claims of Campbell, Probert and Stevens were paid in full; that "such amount of the dividend otherwise payable on the claim of [appellant] as may be required when divided pro rata amongst the named three creditors, shall be applied on their claims, in addition to their ordinary dividend until their claims have been paid in full or the dividends otherwise payable to [appellant] have been exhausted"; and that, "after the said three creditors have been paid in full, then the balance remaining of the dividend otherwise payable to [appellant], if any, shall be paid to [appellant]." From a judgment [1] affirming the referee's order this appeal is prosecuted.

The order was correct; for, having obligated itself, as Stratton's surety, to pay the claims of all persons performing labor upon or furnishing materials used in doing the work described in the contract, having paid the claims of five and having failed to pay the claims of three such persons (Campbell, Probert and Stevens), appellant was not entitled to share in the assets of Stratton's bankrupt estate until the claims of Campbell, Probert and Stevens were paid in full.[2]

In its brief filed here, appellant states that it "has paid in full all the bankrupt's creditors whose claims are covered by the bond." The statement is incorrect. The claims of Campbell, Probert and Stevens are covered by the bond and have not been paid.

Appellant cites the fourth paragraph of the bond, limiting the time within which actions might be brought thereon, and cites § 1183 of the California Code of Civil Procedure, limiting the time within which actions may be brought on bonds provided for in that section. These limitations have no relevancy here, for this is

[1] In re Stratton, D.C.S.D.Cal., 53 F. Supp. 131.

[2] United States v. National Surety Co., 254 U.S. 73, 41 S.Ct. 29, 65 L.Ed. 143; Jenkins v. National Surety Co., 277 U.S. 258, 48 S.Ct. 445, 72 L.Ed. 874; American Surety Co. v. Westinghouse Electric Mfg. Co., 296 U.S. 133, 56 S.Ct. 9, 80 L.Ed. 105; Prudence Realization Corporation v. Geist, 316 U.S. 89, 62 S.Ct. 978, 86 L.Ed. 1293.

988

not an action on a bond, but is a bankruptcy proceeding. In this proceeding, the bankruptcy court was required to, and did, determine the relative rights of creditors—Campbell, Probert, Stevens, appellant and others—in the distribution of the bankrupt's estate. That determination was governed by Federal law, not State law.[3] We therefore have no occasion to consider the State court decisions[4] cited by appellant.

Judgment affirmed.

---

[3] Prudence Realization Corporation v. Geist, supra.

[4] Kleinclaus v. Dutard, 147 Cal. 245, 81 P. 516; A. L. Young Machinery Co. v. Cupps, 213 Cal. 210, 2 P.2d 321; Re-

public Iron & Steel Co. v. Patillo, 19 Cal. App. 316, 125 P. 923; Smith v. McKnight, 117 Cal.App. 427, 4 P.2d 305; Carpenter v. National Surety Co., 25 Cal. App.2d 90, 76 P.2d 523.