**In re HARVEY COLE COMPANY, INC., a Washington Corporation, Debtor.**

**Bankruptcy No. B78–191S.**

United States Bankruptcy Court, W. D. Washington, at Seattle.

Jan. 14, 1980.

Joseph A. Barreca, Seattle, Wash., for Harvey Cole Co., Inc., debtor.

Thomas W. Huber, Seattle, Wash., for Harvey Cole, individually.

Layton A. Power, Seattle, Wash., for Milton Bradley Co.

## MEMORANDUM DECISION

SIDNEY C. VOLINN, Bankruptcy Judge.

This matter involves a dispute between two claimants. One is a guarantor who, when called upon to pay a creditor of the bankrupt, secured a full release on his guaranty by paying only part of the debt. The guarantor claims that by virtue of subrogation he is entitled to a dividend from the estate to the extent he paid the debt. The creditor, however, contends that subrogation and payment are not available to the guarantor, despite the release, until the creditor has been paid in full on the original claim.

The creditor, Milton Bradley Company, filed its claim, No. 17, for the full amount of its debt, $29,435.00, on March 10, 1978, prior to payment by the guarantor, Harvey Cole, of $20,000 for a full release from the guaranty. Cole filed his claim, No. 48, on March 17, 1978, in the foregoing sum.

The Debtor reviewed the claims and took the position that the guarantor's (Cole's) claim should be allowed in the sum of $20,-000; that the creditor's (Bradley's) claim should be allowed in the sum of $9,435, the balance of the account.

No order has been entered approving the debtor's proposed allowance of claims. The arrangement provided for payment of 35% to general creditors which was to be paid at the rate of 5% the first year and 10% in each of the following three years. Mr. Cole, from the initial disbursement, has received a dividend of 5% on his claim of $20,000, or the sum of $1,000. The creditor, Bradley, has received 5% of the balance of $9,435 or the sum of $471.75. The relief sought by Bradley, incidentally, includes the turning over by Cole of the foregoing $1,000 to it by way of application on the outstanding balance.

■ Bradley contends that so long as it has a balance outstanding on the original claim, it is entitled to the application of all distributions in the bankruptcy thereon. Cole contends that as a result of payment on the guaranty and *pro tanto* subrogation to the rights of the creditor, he is entitled to a dividend on the $20,000 paid by him.

Resolution of the foregoing issue involves interpretation and correlation of Section 57i of the Bankruptcy Act, 11 U.S.C. § 93(i), Bankruptcy Rule 304, and its Chapter XI equivalent, Rule 11–33(d). Section 57i makes provision for one who is secondarily liable, such as a guarantor of the debtor or bankrupt, to file a claim in the creditor's name when the principal creditor has not done so, and to be subrogated and paid a dividend to the extent that he has paid the debt. The equity of such a provision becomes apparent in view of the logical tendency of the creditor to proceed against a solvent guarantor, foregoing any involvement, even to the extent of filing a claim, in a protracted, uncertain bankruptcy case. The statute and the Rules thus provide the possibility of some recovery for the guarantor by making available a method of timely filing a claim; a corollary of this provision is clarification of the bankrupt's right to a discharge from the claim of the guarantor, cf. 3 *Collier on Bankruptcy*, Sec. 57.21(1).

Section 57i emphasizes the derivative nature of the claims it encompasses by providing that the guarantor may file such a claim "in the creditor's name." It also im-

poses on recovery by the guarantor a condition or proviso which is at the heart of the problem in this case, to-wit:

"Except that in the absence of an agreement to the contrary, he shall not be entitled to any dividend until the amount paid to the creditor on the undertaking plus the dividends paid to the creditor [of] the bankrupt estate on the claim equal the amount of the entire claim of the creditor. Any excess received by the creditor shall be held in trust for such person."

It is upon this provision that Bradley bases its claim of a prior right to all dividends on the creditor's claim until its debt has been fully paid.

Cole contends that the proviso of 57i is dependent for its application on the condition stated at the outset of the section, namely that the principal creditor has not filed a claim, thereby leaving it to the guarantor to file in the creditor's name. It is difficult to perceive how or why such a result should obtain. In any event, reference to Bankruptcy Rule 304 appears to answer this contention. After providing that the person secondarily liable may file a proof of claim in the name of the creditor, it states:

"No distribution shall be made on the claim except on satisfactory proof that the original debt will be diminished by the amount of the distribution. *The creditor may nonetheless file a proof of claim pursuant to Rule 302, and such proof of claim shall supersede the proof of claim filed pursuant to the first sentence of this rule.*" (Emph. supp.)

The fact that Bradley filed its claim prior to, rather than after the Cole claim, should not vitiate the effect of this section since it is the creditor's claim which is the focus of the Rule. Who is to receive distribution thereon is another question.

Cole further contends, in essence, that there is an agreement "to the contrary" which dispenses with application of the proviso in Section 57i. While the release agreement, signed by Bradley on August 8, 1978, makes no mention of claims in the

bankruptcy proceeding, let alone payment of dividends thereon, it is argued that two other documents, in effect, show that there was such an understanding or agreement. One of these is language in the amended plan of arrangement forwarded to creditors on August 9, 1978. This language appears in the "introductory outline" to the plan in the context of other subjects. It states:

"Some creditors have been paid, at least in part, by guarantors, who are ratably subrogated to the original creditor's claim, but the total will remain the same."

Assuming that one can perceive this language, sent to all of the creditors of the estate, presumably for general information, as somehow imposing on certain unnamed guaranteed creditors an understanding of some kind, it falls far short of expressing "an agreement to the contrary" or a waiver as to the proviso in Section 57i by Bradley in favor of Cole.

The other document alluded to is a full release executed between Cole and Lesney Products Corporation (for part payment) on April 9, 1979, which provides that if the creditor receives more than the balance owed it on the total claim, all excess funds would be paid by Lesney to Cole. Implicit in this language is the proviso of 57i that the creditor must be fully satisfied before the guarantor can have the benefit of subrogation. Bradley was not involved in this subsequent transaction. In any event, all it tends to show is that Lesney wanted to state the equivalent of the proviso of Section 57i, or its effect, in the release. The provision was redundant since the statute would have brought about the same result in the absence of such language.

The guarantor points out in his memorandum that as a founder of the Debtor and its one-time principal stockholder, upon sale of the Debtor's stock to his friend, Fred Herscher, (present principal of the Debtor) and out of pride for the company, he agreed to assist in the resolution of "severe financial problems" by loaning it $40,000 and guaranteeing payment to a number of suppliers. As a result, Cole has had to meet at

least three guaranties, including that of Bradley, totalling some $33,500, thereby incurring losses of some $73,500. He points out that additionally he has not been paid for the stock and that his total loss comes to $113,500.

The foregoing loss is not inconsiderable. However, Section 16 of the Bankruptcy Act, 11 U.S.C. Sec. 34, provides:

"The liability of a person who is a codebtor with, or guarantor or in any manner a surety for, a bankrupt shall not be altered by the discharge of [the] bankrupt."

■ The purpose of a guaranty is to provide a source of alternative assets to the extent the bankrupt or debtor has none. The creditor thus has a right, unaffected by bankruptcy, to turn to the guarantor for satisfaction of a debt. The Act, as previously indicated by Section 57i, Rule 304 and Rule 11–33(d), in their total effect, contemplates that where the Debtor can make a distribution, the ensuing subrogation of a guarantor to the rights of the creditor shall not intrude on the creditor's right to full satisfaction of his claim. There is a statement in 3 *Collier*, Sec. 57.21(3) at p. 376, which summarizes the foregoing:

". . . unless the surety satisfies the creditor's claim to the last cent the creditor remains entitled to prove and collect dividends as if nothing at all had been paid on his debt."

The reason for this rule is not self-evident. *Collier*, in various contexts, discusses the rule and its consequences but not its rationale, cf. Vol. 3, Sec. 57.21(d), Vol. 12, Sec. 304.08, and Vol. 14, Par. 11.33.08. This proviso was not explicitly stated until it was added to Section 57i by amendment in 1962, cf. 3 *Collier on Bankruptcy*, Sec. 57.01 (2–17). It could be reasoned that a guarantor who becomes a creditor by virtue of paying part of the original debt, particularly where his obligation to the creditor is fully discharged, should be able to share *pro tanto* in a distribution since he thereby becomes a creditor of the Debtor.

However, suretyship case law has developed the rule that the right to subrogation does not come into play until full payment of the loss, cf. *Peoples v. Peoples Bros.*, 254 F. 489, 492 (E.D.Pa., 1918) citing *inter alia*, *Kyner v. Kyner*, 6 Watts (Pa.) 221 (1837); *U.S.F. & G. Co. v. Centropolis Bank*, (C.A. 8, 1927) 17 F.2d 913, 917; *United States v. National Surety Co.*, 254 U.S. 73, 76, 41 S.Ct. 29, 30, 65 L.Ed. 143 (1920); *In re Prudence-Bonds Corp.*, 102 F.2d 531 (C.A. 2, 1939); and *Maryland Casualty Co. v. Grays Harbor Co.*, 159 Wash. 356, 369, 293 P. 441 (1930). The reasoning of these cases is based on the view that equity should not allow subrogation to a guarantor until the beneficiary of the guaranty, the creditor, has received full payment from the estate of an insolvent debtor.

A drift away from this rule, or its effect, was brought about be the development of contracts of indemnity between the surety and the Debtor. It was then contended that the surety made claim against the estate on the basis of the indemnity contract and not as a subrogee. A number of courts were persuaded by this argument until the issue, at least in the Federal Courts, was finally resolved by *Jenkins v. National Surety Co.*, 277 U.S. 258, 266, 48 S.Ct. 445, 446, 72 L.Ed. 874 (1928), where the Court stated:

"If after paying that amount to the treasurer it may then compete with him in the distribution of the insolvent's assets, the treasurer's recovery on the balance of his claim is reduced accordingly and the benefit of the surety bond to the treasurer is diminished *pro tanto*. By the expedient of taking a separate indemnity agreement from the debtor the surety would be enabled to deprive the creditor of the full benefit of the security he had demanded.

The established rule that the surety may not claim subrogation against an insolvent debtor until the creditor is paid in full is a recognition of the inconsistency of that position. The rule would go for naught if, by claiming indemnity instead of subrogation, the surety could achieve the same result."

It thus appears that the language of Section 57i deferring the subrogation of a sure-

ty or guarantor, until full payment of the beneficiary of the guaranty, is based on an equitable principle of long standing. Since there is no express agreement authorizing subrogation of the guarantor, the Court concludes that Bradley is entitled to receive all dividends heretofore paid or to be paid on the original claim. When the claim has been paid in full, all further dividends thereon, if any, shall be turned over to Cole.